Municipality of San Sebastián, Plaintiff and Appellee, *v.* Eulogio Trujillo, Defendant and Appellant.

No. 4184.   Argued June 21, 1927.—Decided April 3, 1929.

*Buenaventura Esteves* for the appellant.   *Eduardo Negrón Benítez* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

The municipality of San Sebastián petitioned the District Court of Aguadilla for an injunction to restrain Eulogio Trujillo from continuing the construction of a house, alleging that under the municipal law it has legislative and administrative powers in all matters related to public works, order, security, health and building regulations; that according to its ordinances no person shall construct a building or any other structure without first obtaining a permit from the municipal assembly and in building within the urban zone of the municipality an open space at least two meters wide shall be left on each side of the lot, except on the front facing the street where the open space shall be uniform along its whole length; that Eulogio Trujillo applied to the municipal assembly for a permit to build a frame house on a lot owned by him within the urban zone of the municipality and it was granted to him on the condition that he should leave an alley on each side of his lot in accordance with the ordinance and modify his plans to that effect; that Eulogio

Trujillo has begun to build his house without leaving the open space required by the ordinance notwithstanding the warnings given to him, and that his action is injurious and prejudicial to the interests of the general public, since buildings standing too close to each other are a menace to public health and in the event of fire there would not be the due protection of persons and property in a town which has no aqueduct. The district court issued a provisional writ of injunction and after having heard the evidence rendered judgment granting the permanent injunction petitioned for and this appeal was taken from that judgment.

After the hearing on this appeal the appellee moved to dismiss it as frivolous, inasmuch as the ordinance on which it is based has been repealed, as shown by an exhibited certificate, and the appellant opposed the motion. We shall not sustain the motion of the appellee because as its effect would be to leave in force the judgment appealed from, according to section 304 of the Code of Civil Procedure, the prohibition to build the house in question would stand without considering the appeal, and this would not be frivolous as far as the appellant is concerned.

The defendant demurred in the lower court to the petition for injunction on the ground that it did not adduce facts sufficient to constitute a cause of action because it did not state that the alleged injuries are irreparable and because the ordinance on which it was based is unconstitutional, and his first assignment is that the court committed error in overruling that demurrer.

As to whether the petition is insufficient because it did not allege that the injuries are irreparable we have nothing to say for the reason that the municipality amended its petition in accordance with the desires of the defendant.

The other ground of the demurrer of the appellant is that it is not alleged in the petition for an injunction based on non-compliance with the ordinance that the municipality has complied with Sanitary Regulation No. 72 on urbanization of

lands governing, says the appellant, urbanizations made for building purposes by the municipalities. But if the municipalities should conform to that regulation then, as nothing to the contrary appears in the complaint, it must be presumed that that duty was complied with.

The appellant says also that the ordinance alluded to is void and unconstitutional because it attempts to put in execution an act of forcible expropriation without due process of law.

It does not appear from the complaint that the municipality undertook to appropriate the empty space required to be left on each side of the house to its own use or for the benefit of the general public, but only prescribed that nothing should be built on it. The appellant cites the case of *Municipality of Ponce* v. *Vendrell,* 28 P.R.R. 306, but that case has no application to this because there the owner of the lot was to lose a part of his property which would be converted into sidewalk for the use of the public, inasmuch as the ordinance prescribed that in building a house on the street corner the owner should reduce the arris to a chamfer, he thereby losing a triangle of his land, while in this case the only effect of the ordinance is to regulate the use of the property, without any loss by the owner. Furthermore, in that case it was said on page 311 that a statute or ordinance is not rendered unconstitutional by the mere fact that private rights of persons or property are subjected to restraint.

In this case no expropriation is involved because the two-meter strip on each side of the house is not taken from the defendant for public use. It is only the case of an ordinance regulating the use of property for which the municipality is empowered by the law which gives it the right to regulate building for the benefit of the public. That a municipality may pass ordinances regulating the construction of buildings, their height, the open space to be left and to prohibit the building of frame edifices in the interest of health, comfort and security of neighbors, has been held repeatedly, as may

be seen in *Des Moines* v. *Manhattan Oil Co.*, 23 A.L.R. 1323, and *Wulfsohn* v. *Burden*, 43 A.L.R. 652. All presumptions are in favor of reasonableness in such ordinances and they should be sustained if nothing to the contrary appears on the face of the ordinance or from the evidence. Consequently, no error was committed by the court as alleged in the first assignment.

The second assignment is that manifest error was committed by the court in weighing the evidence and in accepting the opinion of the mayor and of the secretary in order to determine the purpose of the ordinance.

The evidence showed the existence of the ordinance on which the petition for injunction is based; that the defendant applied to the municipal assembly for a permit to build a frame house on a lot situated within the urban zone; that he submitted the plans for the house and a sketch of the lot shaped like a trapesium with the greater base facing the street and the smaller one at the back of the lot; that the permit to build was granted on the condition that a two-meter strip of land be left on each side as required by the regulations, and that although the house which he began to build leaves that vacant space on the side next to the street the strip has less than two meters along its length because it narrows down owing to the shape of the lot. These being the facts, there was no error in weighing the evidence.

As to the other ground alleged, that the mayor and the secretary were allowed to testify in regard to the purpose of the ordinance, we must say that that testimony did not refer to the purpose of the ordinance, but to facts known by them regarding fires which had occurred and to the difficulties encountered in extinguishing them for lack of room between the houses to combat the fire in that town which has no aqueduct or firemen. Moreover, even if the purpose of that testimony had been as alleged by the appellant, he did not oppose it or except to its admission.

The third ground of appeal is a consequence of the other

two, because it charges that there was manifest error in rendering the judgment appealed from which is contrary to the law and to the evidence heard. Since we have held that the municipality had power to pass that ordinance regulating the building of houses in the urban zone and ordering that a strip of land two meters wide be left on each side of the lot, except in front; that that is not a forcible expropriation, and that the appellant did not comply with that provision of the ordinance, we can not hold that there is such error.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.